UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


| | |
|---|---|
| EARLIE BENEVOLENCE BERRY, JR., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> RONDLE ANDERSON, ) <br> Defendant. ) | No. 1:07-cv-230-LJM-JMS |

**Entry Discussing Complaint and Directing Dismissal of Action**

Plaintiff Earlie Berry, Jr., is confined at the Pendleton Correctional Facility, an Indiana prison. He alleges in this action brought pursuant to 42 U.S.C. § 1983 that he was improperly disciplined in a proceeding identified as No. ISR 06-10-0313. He seeks compensatory and punitive damages, as well as injunctive relief establishing his eligibility to participate in certain prison programs.

The plaintiff's request to proceed *in forma pauperis* is **granted.** No assessment of even a partial initial filing fee is feasible at this time.

The court now screens the complaint as required by 28 U.S.C. § 1915A(b). This statute compels the dismissal of any action in which, among other things, the complaint fails to state a claim upon which relief can be granted. *See Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

Mr. Berry's complaint fails to survive the screening required by § 1915A(b). As emphasized recently:

> "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997)."

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). The disciplinary proceeding which is the sole focus of the present action is being challenged in this court in a habeas action docketed as No. 1:06-cv-

1822-SEB-JMS. No decision has yet been made in that habeas action. The claims in this case directly challenge the validity of No. ISR 06-10-0313. An action for damages based on the asserted invalidity of that proceeding is premature. See *Edwards v. Balisok,* 520 U.S. 641, 643-49 (1997) (state prisoner's claim for damages and declaratory relief for Fourteenth Amendment due process violations based on procedures used in disciplinary hearing was not cognizable under § 1983 because allegations of deceit and bias on part of hearing officer would necessarily imply invalidity of punishment).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice. The plaintiff's request that the Marshals Service be ordered to serve process in this action is **denied as moot.**

**IT IS SO ORDERED.**

Date:  02/28/2007

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana